IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE MARRIAGE OF: )
SHERRI D. BLACKWELL )
)
)
**Plaintiff,** )
)
vs. ) Case No. 11-CV-328-TCK-PJC
)
MALCOLM L. BLACKWELL, )
)
)
**Defendant.** )

## OPINION AND ORDER

Before the Court is Defendant's Notice of Removal (Doc. 1) and Motion to Proceed In Forma Pauperis (Doc. 2). Defendant, appearing pro se, removed this action – a divorce proceeding – from Tulsa County District Court. In his Notice of Removal, Defendant cited 28 U.S.C. § 1443A as the basis for removal.[1] Defendant contends that the state court judge presiding over his divorce proceeding and the Oklahoma Supreme Court have denied him due process of law by failing to review motions and failing to set matters for hearings.

Construing the notice of removal liberally, the Court assumes Defendant is attempting to remove pursuant to 28 U.S.C. § 1443. This statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[1] This action is a divorce proceeding between two Oklahoma residents, which is clearly not removable based on diversity or federal question jurisdiction.

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove pursuant to § 1443(1), Defendant must satisfy a two-pronged test: (1) it must appear that the right allegedly denied Defendant arises under a federal law providing for specific civil rights stated in terms of racial equality; and (2) it must appear that Defendant has been denied or cannot enforce the specified federal rights in Oklahoma courts. *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006). Defendant has not shown that the right allegedly denied – his right to procedural due process in his state court divorce proceeding – arises under a federal civil rights law related to racial equality. Therefore, removal is not proper under § 1443(1). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Id.* Defendant has not alleged that he is a federal officer or agent executing federal duties related to equal rights. Therefore, removal is not proper under § 1443(2).

Defendant's Notice of Removal does not set forth a proper basis for removal, and this matter is hereby remanded to the District Court for Tulsa County. Defendant's Motion to Proceed In Forma Pauperis (Doc. 2) is denied as moot.

SO ORDERED this 31st day of May, 2011.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**